MONROE, Judge,
dissenting.
I agree that the trial court correctly entered summary judgment as to the counts of the complaint dealing with Wright’s liability under the Worker’s Compensation Act and Employee Liability Act. However, I believe a genuine issue of material fact exists as to whether Wright, as the general contractor, owed Wheeler a duty to provide him with a reasonably safe place to work, therefore, I believe summary judgment should not have been granted as to that count (Count IV).
In holding that summary judgment was proper as to the issue of whether Wright owed Wheeler the duty of providing Wheeler with a reasonably safe place to work, the majority relies on Elder v. E.I. Dupont De Nemours & Co., 479 So.2d 1243 (Ala.1985). Elder says, “[A] general contractor has no liability to an independent subcontractor’s employee who suffers an injury where the general contractor did not retain possession or control of the premises.” Id. at 1248 (emphasis added).
In his deposition, Wright said that he inspected the work in progress at the premises about twice a day. He also said that if he had directed the subcontractors, who Wheeler worked for, to re-lay the block they were laying, “it was pretty well understood” that the subcontractors would do it. This testimony alone creates a genuine issue of material fact as to whether Wright, the general contractor, retained possession or control of the premises where Wheeler was injured.
For this reason, I would reverse the trial court’s entry of summary judgment as to this issue. Therefore, I respectfully dissent.